UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAMSHER SINGH,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

No. 1:26-cv-00856-DAD-CKD

ORDER GRANTING PETITIONER'S MOTIONS FOR RECONSIDERATION AND FOR A PRELIMINARY INJUNCTION, DENYING RESPONDENTS' OPPOSITION, DENYING THE MOTION TO WITHDRAW AS ATTORNEY WITHOUT PREJUDICE, AND GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND

(Doc. Nos. 7, 9, 11, 14, 16)

On February 2, 2026, petitioner, by and through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On February 3, 2026, respondents filed their opposition. (Doc. No. 7.) On February 4, 2026, the court granted in part and denied in part petitioner's motion for a temporary restraining order. (Doc. No. 8.) Subsequently, petitioner filed a motion for reconsideration (Doc. No. 9), a motion for leave to amend (Doc. No. 11), a motion for preliminary injunction (Doc. No. 14), and a motion to withdraw as attorney (Doc. No. 16).

The court previously determined that petitioner was entitled to an in-custody bond hearing but not immediate release. (Doc. No. 8.) The court's analysis rested on petitioner's reported 29 violations of the conditions of his release. (*Id.*) On reconsideration, the court is persuaded that a previously released and re-detained petitioner accused of violating the conditions of his release is still entitled to a pre-deprivation hearing unless exigent circumstances compel otherwise, and the respondents' failure to provide this pre-deprivation hearing warrants the petitioner's immediate release. *See Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, *2–5 (E.D. Cal. Nov. 21, 2025). That the petitioner may be a flight risk or a danger is not, standing alone, sufficient to justify omitting a pre-deprivation hearing where the petitioner was previously released. *Singh v. Andrews*, No. 1:26-cv-06388-DC-JDP (HC), 2026 WL 2389301, at *1 (E.D. Cal. Aug. 17, 2026) ("Indeed, Respondents do not argue that Petitioner's arrest for public intoxication, for which no criminal charges have been filed, 'was characterized by urgent concerns or [necessitated] quick action,' or otherwise created an 'especially strong government interest necessary to justify detention without a pre-deprivation hearing.'") (quoting *Jesus Enrique Abreu Ferrer v. Jeremy Casey, Warden, Imperial Reg'l Det. Ctr., et al.*, No. 26-cv-04103-GPC-MSB, 2026 WL 2273114, at *4 (S.D. Cal. Aug. 6, 2026)). Here, because petitioner was previously released and re-detained without a pre-deprivation hearing, and respondents have not explained how these reported violations or other circumstances created an especially strong government interest in quick action, petitioner's motion for reconsideration (Doc. No. 9) and petitioner's motion for a preliminary injunction (Doc. No. 14), will be granted.

For the reasons explained above,

1. Petitioner's motion for reconsideration (Doc. No. 9) and motion for preliminary injunction (Doc. No. 14) are GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Shamsher Singh, A-File No. 240-744-050, from respondents' custody on the same conditions he was subject to prior to his re-detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Respondents' opposition (Doc. No. 7), docketed as a motion, is DENIED;

3. Petitioner's motion for leave to amend (Doc. No. 11) is GRANTED, and petitioner is directed to file his first amended petition or to inform the court that he declines to do so in light of this order by October 2, 2026;[1]

4. The motion to withdraw as counsel of record filed by attorney Jyoti Ruprell (Doc. No. 16) is DENIED without prejudice;[2]

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

6. The court is inclined to rule on the pending petition for writ of habeas corpus based upon the briefing presently before the court. If any party objects to the court deciding the petition without further briefing or a hearing, that party is directed to

/////

/////

/////

/////

/////

---

1 Petitioner moves for leave to amend the petition to bring claims related to the February 10, 2026 bond hearing. (Doc. No. 11.) The court grants this motion because leave to amend should be freely granted. However, in light of the court's rulings on petitioner's motion for reconsideration (Doc. No. 9) and petitioner's motion for a preliminary injunction (Doc. No. 14), amendment of the petition appears to be unnecessary for petitioner to receive the relief he seeks.

2 Regarding attorney Jyoti Ruprell's pending motion to withdraw as counsel of record for petitioner (Doc. No. 16), counsel states that petitioner wishes to proceed *pro se* and has been advised of the consequences of proceeding without counsel. In light of petitioner's decision to discharge his attorney, counsel's withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4). However, counsel has not provided the court with petitioner's "current or last known address or addresses" as required by Local Rule 182(d). Accordingly, the court denies the motion to withdraw without prejudice to the filing of a renewed motion that provides all of the required information.

file their objections, providing reasons therein why further briefing or a hearing is necessary, by October 2, 2026.

IT IS SO ORDERED.

Dated: **September 29, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE